IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA CARMEN LOZANO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01773 |
| | § | |
| KROGER TEXAS L.P. | § | |
|     Defendant. | § | |

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas L.P., in the case styled *"Maria Carmen Lozano v. Kroger Texas L.P.,"* originally pending as Cause No. CC-22-03787-A in County Court at Law No. 1 of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between Plaintiff (a citizen of the State of Texas) and Defendant Kroger Texas L.P. (a citizen of the State of Ohio), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1]    *See* 28 U.S.C. § 1332 (2018); *see also id.* § 1441(b)(2).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Defendant Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., have ever been a resident of, incorporated in, or had their principal place(s) of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

On August 8, 2020, Plaintiff claims that while patronizing the Kroger, she slipped and fell on what she believed to be water on the floor.[2] Plaintiff filed suit on July 19, 2022, in County Court at Law No. 1 of Dallas County, Texas, alleging negligence-based causes of action against Defendant.[3]

---

[2]   Pl's Pet. (attached as Exhibit 2), at p. 2, ¶V.

[3]   *Id*. at pp.2-3, ¶ VI.

**IV.**
**THE AMOUNT IN CONTROVERSY**

Plaintiff judicially admits in her Original Petition that she is seeking damages of over

$250,000 but less than $1,000,000.00.[4] Specifically, Plaintiff seeks recovery of damages for past

and future: medical expenses; physical and mental pain and suffering; physical and mental

impairment; disfigurement; depression; physical and mental disability; anguish; and loss of

enjoyment of life, as well as lost wages.[5] As a result, the amount in controversy in this case

exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[6]

**V.**
**REMOVAL IS TIMELY**

This removal is timely because it is filed "within thirty days after receipt, through service

or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained the case is one which is or has just become removable."[7] Defendant first

became aware this case was removable on or about July 25, 2022, when Defendant was served

with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within

thirty days after the receipt by Defendant of the document that first demonstrated the case was

---

⁴   *Id.*, at p. 1, ¶I ("Plaintiff states that the monetary relief sought is more than $250,000 . . ."); *see* also 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (". . . unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith").

⁵   Pl' Pet. (Exh. 2) at pp. 3-4, ¶VII.

⁶   *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (citing several cases and holding allegations of several personal injuries and related damages established amount in controversy was in excess of the jurisdictional threshold); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

⁷   28 U.S.C. § 1446(b).

removable. Moreover, more than one year has not passed since the commencement of the action in State court on July 19, 2022.[8]

**VI.**
**VENUE**

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

**VII.**
**PROCEDURAL REQUIREMENTS**

Defendant filed with the Clerk of County Court at Law No. 1 of Dallas County, Texas, a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)     State court docket sheet (as of August 12, 2022);

(2)     Plaintiff's Original Petition (filed July 19, 2022) with Service of Citation; and

(3)     Defendant's Original Answer (filed August 11, 2022).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;

- Supplemental Civil Cover Sheet; and

- Certificate of Interested Persons

---

[8]     *See id*.

**VIII.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be

removed to the United States District Court for the Northern District of Texas, Dallas Division,

and for all other and further relief, both general and special, at law and in equity, to which it may

show itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been
forwarded to all counsel of record pursuant to, and in accordance with, the Federal Rules of Civil
Procedure on August 12, 2022.

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**

# EXHIBIT 1

**Exhibit 1**

## Case Information

CC-22-03787-A | MARIA CARMEN LOZANO vs.KROGER TEXAS, L.P.

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-22-03787-A | County Court at Law No. 1 | BENSON, D'METRIA |
| File Date | Case Type | Case Status |
| 07/19/2022 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
LOZANO, MARIA CARMEN

Address
12222 MERIT DRIVE, SUITE 1200
DALLAS TX 75251

Active Attorneys ▾

Lead Attorney
WOLF, JULIE F
Retained

DEFENDANT
KROGER TEXAS, L.P.

Address
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE
COMPANY
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

## Events and Hearings

07/19/2022 NEW CASE FILED (OCA)

07/19/2022 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

Comment
PLAINTIFF'S ORIGINAL PETITION

07/19/2022 ISSUE CITATION ▾

ISSUE CITATION

Comment
E-SERVE ENV# 66462023

07/19/2022 CITATION (SERVICE)▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method

08/11/2022 ORIGINAL ANSWER ▾

ORIGINAL ANSWER

Comment
DEFENDANT S ORIGINAL ANSWER AND SPECIAL EXCEPTION

# Financial

LOZANO, MARIA CARMEN

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $358.00 |
| | Total Payments and Credits | | | $358.00 |
| 7/19/2022 | Transaction Assessment | | | $358.00 |
| 7/19/2022 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2022-06767 | LOZANO, MARIA CARMEN | ($221.00) |
| 7/19/2022 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

ISSUE CITATION

ORIGINAL ANSWER

# EXHIBIT 2

Exhibit 2



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number  2172000 |
| **Entity Served:** | Kroger Texas, L.P. |
| **Title of Action:** | Maria Carmen Lozano vs. Kroger Texas, L.P. |
| **Matter Name/ID:** | Maria Carmen Lozano vs. Kroger Texas, L.P. (12625218) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County Court at Law, TX |
| **Case/Reference No:** | CC-22-03787-A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/25/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Wolf Law, PLLC<br>972-338-4477 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Served
7/19/2022 2:12 PM

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-22-03787-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

| ATTORNEY |
| :---: |
| CITATION |
| PLAINTIFF'S ORIGINAL PETITION |

## CC-22-03787-A

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

MARIA CARMEN LOZANO,
*Plaintiff(s)*

VS.

KROGER TEXAS, L.P., *Defendant(s)*

**TO:**

**KROGER TEXAS, L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS**
**INCORPORATED**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX 78701**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**SERVE:**
**KROGER TEXAS, L.P.**
**SERVE ITS REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**D/B/A CSC-LAWYERS**
**INCORPORATED**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX 78701**

**ISSUED THIS**
**19TH DAY OF JULY, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

MARIA CARMEN LOZANO
*Plaintiff(s)*

VS.

KROGER TEXAS, L.P.
*Defendant(s)*

filed in said Court on the 19th day of July, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of July, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* Deputy
Guisla Hernandez

Attorney for Plaintiff

| JULIE F WOLF |
| :---: |
| WOLF LAW PLLC |
| 12222 MERIT DR |
| SUITE 1200 |
| DALLAS TX 75251 |
| 972-338-4477 |

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK



# OFFICER'S RETURN

CC-22-03787-A   County Court at Law No. 1

MARIA CARMEN LOZANO vs.KROGER TEXAS, L.P.

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATED
211 E 7TH STREET SUITE 620
AUSTIN TX  78701
**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to KROGER TEXAS, L.P. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy          $_____          _____, Officer

Total    $_____                              _____, County, Texas

By:_____, Deputy

_____, Affiant

FILED
7/19/2022 11:05 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-22-03787-A

| | | |
|---|---|---|
| **MARIA CARMEN LOZANO,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **AT LAW NO.** _____ |
| | § | |
| **KROGER TEXAS, L.P.** | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Maria Carmen Lozano, (hereinafter referred to as "Plaintiff"), who files this Plaintiff's Original Petition against Kroger Texas, L.P. (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

### I.  TEXAS RULE 47 DAMAGÉS STATEMENT

Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is more than $250,000.00 but less than $1,000,000.00.

Plaintiff submits this action under Discovery Control Plan II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II.  PARTIES AND SERVICE

Plaintiff is a resident of Dallas County, Texas.

Defendant Kroger Texas, L.P. (hereinafter referred to as "Kroger") is a company doing

---

**PLAINTIFF'S ORIGINAL PETITION**           

business in the State of Texas. Defendant may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporated located at 211 E. 7th Street Suite 620, Austin, Texas 78701. **Issuance of citation is requested at this time.**

### III.   JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant as Defendant performed work, and/or hired personnel to perform work in the State of Texas.

### IV.   VENUE

Venue is proper in Dallas County, Texas, pursuant to 15.002(3) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Dallas County, Texas.

### V.   FACTS

At all times relevant, Defendant was the possessor in control of the Kroger store in Dallas, County. On August 8, 2020, Plaintiff was patronizing the Kroger, when all of a sudden she slipped and fell on liquid that was on the floor, that she believed to be water. This fall caused Plaintiff significant personal injuries.

### VI.   NEGLIGENCE

Defendant was the owner, operator, and/or in control of the Kroger store where Plaintiff was injured. Plaintiff was an invitee at the time of the injury because she was a customer at Kroger. Since the business was open to the public, Defendant extended an invitation to Plaintiff. Defendant thus owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe condition. The condition of the premises posed an unreasonable risk of harm in that condition was extremely dangerous. Defendant knew or reasonably should have known of the condition of the

premises because Defendant it was there for a long enough time that a reasonable inspection would have revealed it.

At all relevant times Defendant was guilty of negligence towards Plaintiff in the following respects:

      a.  Failing to keep the premises in a reasonably safe condition for Plaintiff;

      b.  Failing to inspect the premises to discover the latent defect;

      c.  Failure to provide warning of the condition by posting signage, a barrier, or other marker indicating the presence of danger; and

      d.  Failure to take any action to eliminate or reduce the unreasonable risk of danger presented by the condition.

Defendant's failure to use reasonable care was a proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII.   DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe and disabling injuries, for which Plaintiff required medical treatment and has incurred medical bills. Plaintiff also suffered physical and mental pain, suffering, physical and mental impairment, disfigurement, depression, physical and mental disability, anguish, and loss of enjoyment of life.

In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her life. Solely as a result of the injuries she sustained due to Defendant's conduct and/or omissions, Plaintiff has incurred doctor and medical expenses, and lost wages. There is a more than reasonable probability that Plaintiff will incur additional expenses for necessary medical care and attention in the future for the injuries she incurred in the incident in sums unknown at this time. Plaintiff's compensatory damages specifically include, but are not

limited to, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, disfigurement, and impairment, and other damages which Plaintiff has incurred due to Defendant's conduct.

## VIII.  NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a final judgment against Defendant for the following:

    a.  All reasonable and necessary past medical expenses;

    b.  A sum for future medical expenses and treatment in an amount to be determined at trial;

    c.  Monetary damages for past physical pain and suffering and mental anguish in an amount to be established at trial;

    d.  Monetary damages for future physical pain and suffering and mental anguish;

    e.  Past and future physical impairment as determined by a jury;

    f.  Past and future disfigurement;

    g.  Lost Wages;

    h.  Costs of Court;

    i.  Pre-judgment interest on all damages awarded at the highest legal rate;

    j.  Post-judgment interest on all sums awarded herein at the highest legal rate until

paid; and

k.   Such other and further relief to which Plaintiff may be justly entitled at law or in

equity, specific or general.

Respectfully submitted,

**Wolf Law, PLLC**

By: _Julie Wolf_____

**Julie Wolf**
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*



LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240

7021 0950 0001 8321 7637

US POSTAGE
$08.69°
First-Class
Mailed From 75240
07/20/2022
032A 0061655100

**CORPORATION SERVICE COMPANY**
**211 E. 7th STREET., #620**
**AUSTIN, TEXAS 78701**

# EXHIBIT 3

Exhibit 3

FILED
8/11/2022 3:37 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-22-03787-A

| | | |
|---|---|---|
| MARIA CARMEN LOZANO, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. 1 |
| | § | |
| KROGER TEXAS, L.P., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANT'S ORIGINAL ANSWER AND SPECIAL EXCEPTION**

---

COMES NOW, Defendant Kroger Texas L.P. in the above-entitled and numbered cause and files its Original Answer and Special Exception, and, in support thereof, would respectfully show the Court as follows:

**I.**
**ORIGINAL ANSWER**

**A.    GENERAL DENIAL**

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Petition, demands strict proof thereof and, to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**B.    DEFENSES**

1.    Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged hazard was not "unreasonably dangerous."

2.    Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole and/or

---

a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

3.      The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

4.      Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

5.      In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

6.      Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7.      In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

8.      To the extent that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, said prior or pre-

existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

9.     To the extent that Plaintiff breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages, such damages are not reasonable or necessary.

10.     To the extent that Plaintiff is malingering and/or exaggerating the nature and severity of Plaintiff's injuries in order to continue treatment, Defendant contends said treatment is not medically necessary or reasonable.

11.     Any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, with respect to past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12.     Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## C.     COURT REPORTER REQUESTED

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

**II.**
**SPECIAL EXCEPTION**

Defendant objects and specially excepts to section VIII of Plaintiff's Original Petition, titled "Notice of Intent," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, paragraph VIII states that "Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "***actual notice*** that the document ***will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendant requests that the Court strike section VIII of Plaintiff's Original Petition, titled "Notice of Intent" in its entirety.

**III.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant Kroger Texas L.P. prays that its special exception be granted. Further, Defendant respectfully prays Plaintiff take nothing by this cause

---

[1]   TEX. R. CIV. P. 193.7 (2021) (emphasis added).

[2]   *Id.*, cmt. 7 (emphasis added).

and that Defendant be permitted to recover the costs expended on its behalf. Defendant also prays for all other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on August 11, 2022.

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Remi DiMarco on behalf of Bryan Briscoe
Bar No. 24069421
rdimarco@peavlerbriscoe.com
Envelope ID: 67201374
Status as of 8/12/2022 8:18 AM CST

Associated Case Party: MARIACARMENLOZANO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolf Law PLLC | | service@wolflawpllc.com | 8/11/2022 3:37:45 PM | SENT |

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Remi DiMarco on behalf of Bryan Briscoe
Bar No. 24069421
rdimarco@peavlerbriscoe.com
Envelope ID: 67201374
Status as of 8/12/2022 8:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 8/11/2022 3:37:45 PM | SENT |
| Michael Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 8/11/2022 3:37:45 PM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 8/11/2022 3:37:45 PM | SENT |
| Remigio DiMarco | | RDimarco@PeavlerBriscoe.com | 8/11/2022 3:37:45 PM | SENT |